**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **TAMAR OSHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )    **CASE NO. 2:08-00031** |
| | )    **JUDGE CAMPBELL/KNOWLES** |
| | ) |
| | ) |
| **ANN JARED, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss, filed pursuant to Fed. R. Civ.

P. 12(b)(1) and (6), on behalf of Defendants State of Tennessee, Tennessee Department of

Human Services, Moccasin Bend Mental Health Institute ("MBMHI"), Dr. Sarath Gangavarapu,

Dr. Terry Holmes, and Dr. John Lowe. Docket No. 21. Defendants have filed a supporting

Memorandum of Law. Docket No. 22. Plaintiff has filed a Response in Opposition to the

Motion, which is headed "Filing Motion of Response to December 4 Cooper." Docket No. 46.

Motions brought under Fed. R. Civ. P. 12(b)(1) that challenge the Court's subject matter

jurisdiction may be brought on one of two bases. *See Ohio Nat'l Life Ins. Co. v. United States,*

922 F.2d 320, 325 (6th Cir. 1990). First, a Defendant may facially attack the Complaint by

testing the sufficiency of the proceeding. In considering a facial attack, the Court must treat the

Complaint's factual allegations as true. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78

F.3d 1125, 1134-35 (6th Cir. 1996). Second, a Defendant may mount a factual challenge to a

pleading. *See United States v. Ritchie,* 15 F.3d 592, 298 (6th Cir. 1994). *See also Ohio Nat'l*

*Life,* 922 F.2d at 325.  In a factual challenge, a Defendant may argue the existence or non-existence of certain facts which deprive a Court of subject matter jurisdiction.  *Id.*  In such circumstances, a Court may resolve factual issues necessary to determine whether it has jurisdiction.  *See Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Ohio Nat'l Life,* 922 F.2d at 325.

In addition to the State of Tennessee and the Tennessee Department of Human Services, Plaintiff has sued, *inter alia*, MBMHI (which she identifies in her Complaint as "a state psychiatric hospital in Chattanooga"), Dr. Sarath Gangavarapu, Dr. Terry Holmes, and Dr. John Lowe.  Defendants' supporting Memorandum states that Dr. Gangavarapu and Dr. Lowe are staff psychiatrists at MBMHI, and Dr. Terry Holmes is MBMHI's Clinical Director.  It appears that Plaintiff's claims against these three physicians result from their treatment of her at MBMHI.  The Court accepts as true the facts that the three physicians are employees of the State of Tennessee, that MBMHI is a state institution, and that the Department of Human Services is a division of the State of Tennessee.

The instant Motion is based upon the argument that, under the Eleventh Amendment and the doctrine of sovereign immunity, the State cannot be sued in federal court without its consent.  *See Hans v. Louisiana*, 134 U.S. 1 (1890);  *Pennhurst State School and Hospital v.  Halderman,* 465 U.S. 89 (1984).  This jurisdictional bar applies to a state and its agencies or departments, and it applies regardless of the nature of the relief sought.  *Id.*  While there are certain exceptions to the Eleventh Amendment and the doctrine of sovereign immunity, none of those exceptions is applicable in the case at bar.

Moreover, even though Plaintiff's Complaint does not contain a jurisdictional statement,

2

it is obvious that her claims are brought pursuant to 42 U.S.C. § 1983. That statute does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil rights. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). A suit against a state official in his official capacity is a suit against the state itself. *Id.* Plaintiff does not specify whether she sues the physician Defendants in their individual or official capacities. Where a plaintiff seeking monetary damages under § 1983 has failed to plead the capacity in which she is suing state officials, the Court will construe the suit to be one against them in their official capacities. *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989). Thus, Plaintiff's claims against the individual Defendants are "official capacity" claims that cannot be brought under § 1983.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 21) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

3

E. Clifton Knowles
United States Magistrate Judge

4