IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMAR OSHER, | ) |
|          Plaintiff, | ) |
| vs. | ) CASE NO. 2:08-00031 |
| | ) JUDGE CAMPBELL/KNOWLES |
| ANN JARED, et al., | ) |
|          Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the "Motion to Dismiss of Hamilton County Government," filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 35. Defendant has filed a supporting legal Memorandum. Docket No. 36. Plaintiff has filed a Response in Opposition to the Motion (Docket No. 47), and Defendant has filed a Reply to that Response (Docket No. 51).

Plaintiff, proceeding pro se, filed a five-page Complaint suing 14 different Defendants, including "Hamilton County government." Docket No. 1. In a section of her Complaint headed "Brief Statement of Claim," Plaintiff made the following allegations:

> On March 31, 2007, Putnam County police suddenly came into my rural home, into my bedroom, violently handcuffed me, and transported me to Mocassin Bend Mental Health Institute, a state psychiatric hospital in Chattanooga. Drs. Lowe and Holmes said I was there for one reason: I am Jewish. Holmes and Lowe said I was mentally ill because I think I am Jewish. They repeatedly said: "I will destroy your mind. I know how to solve the Jewish Problem. I will destroy your mind." I was beaten up, drugged, and held against my will for 15 days. The discharge paper work stated a diagnosis of psychotic with delusion, persecutory type.

Docket No. 1, p. 1.

Plaintiff made the following allegations against Defendant Hamilton County:

> Hamilton County government did not give me a jury trial, as I had repeatedly requested. They did not give me a time or location of a trial so that I could notify others to attend. They did not arrange me a location that was known. They did not answer my questions or give me information. They did not question my mother about her poisoning me. The judge claimed that the Putnam County Sheriff Department had told him that I had sent the Putnam County Sheriff Department 80 emails. The judge said I had not been eating, thus suggesting that being under weight was an issue. (I was obviously not underweight.) Hamilton County government's trial was an outrageous mockery of justice. I was so drugged, that I could not stand up or walk without assistance.

*Id.*, p. 2.

In a section of her Complaint headed "What I wish the court to do," Plaintiff states in part:

> I want to sue Hamilton County government for mockery of justice, anti-Semitism, refusing to give me a proper time and location for the "trial", and refusing to give me a jury trial.

*Id.*, p. 5.

The instant Motion is based upon an argument that Plaintiff has failed to state a claim upon which relief can be granted against Hamilton County.

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*,

2

127 S.Ct. 1955, 1965 (2007). "The [f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965, 1974. *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007).

The Court is required to construe the Complaint in the light most favorable to the Plaintiff and to accept all well-slated pleaded allegations of fact as being true. *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the Complaint in the Plaintiff's favor, however, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se Complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Estaviskey*, 560 F.2d 31, 33 (1st Cir. 1977) *cert. denied,* 434 U.S. 1077 (1978).

In her Complaint, Plaintiff identifies "U.S. Constitution, Civil Rights, Freedom of Religion." Docket No. 1, p. 1. In the instant Motion, Hamilton County assumes that Plaintiff's claims are brought under "the Civil Rights Act of 1964." Docket No. 36, p. 5. It appears to the Court, however, that Plaintiff's claims are grounded in 42 U.S.C. § 1983.

Defendant essentially argues that the Complaint consists solely of vague and conclusory allegations, which are not supported by any factual basis. Defendant argues that the Complaint

3

fails to specify any particular causes of action against any County policymaker or to specify how Hamilton County violated her constitutional of civil rights.

In her Response to the instant Motion, Plaintiff is somewhat more specific as to her claims against Defendant:

> I, Tamar Osher, state the following: Hamilton County government led by the Hamilton County judge violated my federal, constitutional civil rights with intention, malice, evil intent, and full knowledge. They knew that I was not mentally ill, they knew that I was Jewish, they knew that I was currently professionally employed, and they knew that I was employed as an online educator. And they knew I was being drugged at MCMHI. (I am abbreviating Moccasin Bend Mental Health Institute as MBMHI.)
>
> Hamilton County government, led by the Hamilton County judge, was fully involved, with MBMHI, in the anti-Semetic conspiracy against me.
>
> On Thursday, April 5, 2007, there was a legal hearing, with the Hamilton County judge and attorney assigned to me. The Hamilton County judge said I "must remain at MBMHI to continue receiving the drugs, because I was mentally ill and not able to think clearly or make decisions for myself". The Hamilton County lawyer agreed, and never said anything except agree with the judge. The MBMHI doctor and the Hamilton County judge said it was "the best thing for me", saying "I had been mentally ill (thinking I was Jewish) for a long time", and was just recently taken in "for mental health treatment, having been avoiding treatment for so long". At the trial, the judge said that "I must forget about being Jewish", and "not be Jewish any more so that I could get well". They said it "was clear to them that I had no intentions of not being Jewish, and that I needed heavy drugs to treat me, to erase Judism from my mind". At the hearing, doctor said I had a "psychotic disorder (because I think I am Jewish.)"

Docket No. 47, p. 1-2.

Plaintiff further states that she had been drugged prior to the hearing and she "was completely unable to stand or to hold [her] head up." *Id.*, p. 2. Plaintiff further avers that

Hamilton County government violated Tennessee law, "which clearly requires a jury trial be given to anyone involuntarily admitted to MBMHI for more than 5 days, against their will." *Id.,* p. 3. Plaintiff does not, however, identify the Tennessee law to which she refers. Plaintiff avers that Hamilton County knew that "the Court Orders and other paper work done by Putnam County police, Plateau Mental Health Center, and MBMHI were all fully, completely illegal." *Id*., p. 4.

Plaintiff also states:

> MBMHI, their doctors, and Hamilton County government led by the Hamilton County judge, conspired to give me a false diagnosis of mental illness, with the knowledgeable intention to damage my mind and body beyond repair with deathly druggings, ruin my successful career, and destroy my life. Hamilton County government conspired with MBMHI in the intentional, malicious, anti-Semitic, illegal kidnapping, false imprisonment, and deathly druggings.
>
> . . .
>
> The Hamilton County judge said the reason I was sent to MBMHI was because I had sent the Putnam County Sheriff 80 emails. The truth is: I had sent the Putnam County Sheriff where I was living, one (1) email, alerting to the fact that my mother had poisoned me. (Please refer to the copy of that email. I will be happy to provide copies upon request). The Hamilton County Judge made a lavish public display of wickedness and mockery of justice from the very beginning of the "trial".
>
> The Hamilton County judge said the reason I was sent to MBMHI was because I was not eating. The truth is: The only thing I was not eating was non-kosher food.
>
> . . .
>
> The Hamilton County judge said I was mentally ill because I thought I was Jewish, and had been mentally ill for a long time because I had been thinking I was Jewish for a long time. The truth is: I am Jewish by personal religion, bilogical ethnicity,

5

> family background, and ancestoral acultural.
>
> . . .
>
> I am suing Hamilton County in federal court because Hamilton County violated federal laws. The federal laws violated were constitutional civil rights laws. I was illegally kidnapped, and worst of all, subjected to deathly druggings, twice daily, for 15 days. Also, by being kidnapped for 15 days, I was not able to attend to my job, and lost by fabulous job. Hamilton County conspired with MCMHI to damage me physically, cause me to lose my current job, and decrease my future earnings potential. These are federal civil rights violations.

*Id.*, p.8-12.

Defendant has filed a Reply reiterating its previous argument that Plaintiff has failed to specify any actions of Hamilton County that would constitute any violation of Plaintiff's constitutional or statutory rights. Defendant argues that Plaintiff's claims are barred by the statute of limitations and that Plaintiff's Complaint does not raise any claims of conspiracy and Plaintiff has not sought to amend her Complaint to add such claims. Defendant further argues that it appears that Plaintiff was admitted to MBMHI on or about March 30, 2007, for emergency treatment pursuant to T.C.A. § 33-6-403. Defendant further states that, on April 5, 2007, a "probable cause hearing" was held in the General Sessions Court for Hamilton County (where MBMHI is located), pursuant to T.C.A. § 33-6-413. Defendant argues that Plaintiff had no right to a jury trial and that Plaintiff had the right to appeal the findings of the probable cause hearing, pursuant to T.C.A. § 33-3-620, to the Circuit Court for the Eleventh Judicial District of Tennessee.

Defendant is correct that Plaintiff's original Complaint made no allegations of conspiracy against Hamilton County. Even if the Court considers the averments of Plaintiff's Response on

6

Case 2:08-cv-00031   Document 72   Filed 03/10/09   Page 6 of 8 PageID #: 282

this point, however, Plaintiff's claims of conspiracy are conclusory, not factual. Conspiracy claims must be pled with some degree of specificity. *Guitierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Furthermore, Defendant is correct that the statute of limitations in § 1983 cases brought in Tennessee is one year. T.C.A. § 28-3-104(a)(3); *Edison v. Tenn. Dep't. Of Childrens Svcs.,* 510 F.3d 631, 634 (6th Cir. 2007). Plaintiff herself avers that the "legal hearing" which underlies essentially all of her claims against Hamilton County occurred on April 5, 2007. Plaintiff's Complaint in this action, however, was not filed until April 9, 2008. Docket No.1. Thus, any claims Plaintiff may have had with regard to the April 5, 2007, hearing are barred by the statute of limitations.

Moreover, it appears that virtually all of Plaintiff's complaints against Hamilton County are based upon the actions of the alleged "Hamilton County judge." Plaintiff, however, cannot state a claim against Hamilton County under § 1983 based upon a theory of respondeat superior, even assuming that the Judge is a county employee. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1966).

For all the foregoing reasons, the undersigned recommends that the "Motion to Dismiss of Hamilton County Government" (Docket No. 35) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said

7

objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge