IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMAR OSHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 2:08-00031 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| ANN JARED, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss Complaint," filed by Defendants Ann Jared, Bennett Jared, Kristy Jared, and Ralph Jared (the "Jared Defendants"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 61. Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted against them. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 77.

Plaintiff, proceeding pro se and in forma pauperis, filed a five-page Complaint suing 14 different Defendants, including the Jared Defendants. Docket No. 1. In a section of her Complaint headed "Brief Statement of Claim," Plaintiff made the following allegations:

> On March 31, 2007, Putnam County police suddenly came into my rural home, into my bedroom, violently handcuffed me, and transported me to Moccasin Bend Mental Health Institute, a state psychiatric hospital in Chattanooga. Drs. Lowe and Holmes said I was there for one reason: I am Jewish. Holmes and Lowe said I was mentally ill because I think I am Jewish. They repeatedly said "I will destroy your mind I know how to solve the Jewish Problem. I will destroy your mind." I was beaten up, drugged, and held against my will for 15 days. The discharge paper work stated a

>   diagnosis of psychotic with delusion, persecutory type.

Docket No. 1, p. 1.

In addition to listing Jared Defendants under "Name of Defendants," the only mentions of the Jared Defendants in the Complaint are as follows:

>   Ann Jared denied poisoning me.
>
>   Bennett Jared and Kristy Jared denied stealing my coat and other stuff.
>
>   . . .
>
>   Kristy Jared (wife of Bennett Jared) denied that she, her four daughters, and her husband, Bennett Jared, had stolen my coat. Then she claimed that I was mentally ill to state that.
>
>   . . .
>
>   Ralph Jared denied that my mother had poisoned me, denied that my brother had stolen my stuff, and then claimed I was mentally ill to make such statements.
>
>   . . .
>
>   I want to sue Ann Jared, Bennett Jared, Kristy Jared, and Ralph Jared for monetary damages.
>
>   . . .
>
>   I request criminal prosecution of Ann Jared . . . .

Docket No. 1, p. 2-3, 5.

Plaintiff's Complaint cites "U.S. Constitution, Civil Rights, Freedom of Religion." Docket No. 1, p. 1. The Court, therefore, assumes that Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, as Plaintiff provides no other jurisdictional basis for this action.

Section 1983 states in relevant part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress. . . ."

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, *quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

Plaintiff has made no allegation that any of the Jared Defendants acted under color of state law. Furthermore, Plaintiff fails to identify "any rights, privileges, or immunities secured by the Constitution and laws," of which she was deprived by the alleged conduct of the Jared Defendants." Plaintiff essentially avers that the Jared Defendants denied certain statements that Plaintiff had made, and that some of them claimed that Plaintiff was mentally ill. The fact that Defendants denied statements that Plaintiff had made gives rise to no cause of action under § 1983. Even if the Court were to construe the allegation that certain of the Jared Defendants claimed that Plaintiff was mentally ill as a claim for defamation, defamation is not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976).

Plaintiff's Response to the instant Motion, primarily, is a discussion of "many dates and topics of interest, concerning Bennett Jared and Kristy Jared . . . ." Docket No. 77, p. 2. The matters discussed date back to as early as 1980 and run to 2007.

As a general rule a Court "may not . . . take into account additional facts asserted in a memorandum opposing [a] motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." **Moore's Federal Practice 3d**, § 12.34[2], p. 12-90 (citing cases). Even so, however, virtually none of the factual allegations in Plaintiff's Response has anything to do with the claims she has asserted against the Jared Defendants in this action.

For the foregoing reasons, the undersigned recommends that the Jared Defendants' "Motion to Dismiss Complaint" (Docket No. 61) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

4

_____
E. Clifton Knowles
United States Magistrate Judge

5