IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMAR OSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:08-00031 |
| | ) JUDGE CAMPBELL/KNOWLES |
| ANN JARED, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document filed by the pro se Plaintiff headed, "Filing a Motion to Amend Complaint." Docket No. 74. Certain Defendants have filed a Response in opposition to the Motion. Docket No. 83.

In the instant Motion, Plaintiff argues that neither the State of Tennessee nor the Tennessee Department of Health and Human Services were ever Defendants in this case. Despite this argument, however, Plaintiff proceeds to "ask the court to remove both the State of Tennessee and the Tennessee Department of Health and Human Services from their own list of defendants in my case." Docket No. 74, p. 2. Additionally, Plaintiff wishes to recast her action against Moccasin Bend Mental Health Institute ("MBMHI") to make clear that Plaintiff's claims against MBMHI are not claims against either the State of Tennessee or the Tennessee Department of Health and Human Services.

The instant Motion is apparently something of a response to a Report and Recommendation submitted by the undersigned on March 3, 2009 (Docket No. 69), which in

part recommended that Plaintiff's claims against the State of Tennessee and the Tennessee Department of Human Services be dismissed on Eleventh Amendment and sovereign immunity grounds. As Defendants argue in their Response, it appears that Plaintiff is attempting to transform MBMHI from the state entity that it is in order to prevent the dismissal of MBMHI from this action. As Defendants correctly argue, "MBMHI is . . . a state entity and no amendment [Plaintiff] could make to her complaint will change that fact or remove MBMHI's immunity under the Eleventh Amendment and the doctrine of sovereign immunity." Docket No. 83, p. 1-2.

Fed. R. Civ. P. 41(a)(1)(A) provides in relevant part that a plaintiff, "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." While Plaintiff has not filed a "notice of dismissal," it is apparent that Plaintiff wishes to dismiss her claims against the State of Tennessee and the Tennessee Department of Human Services. Thus, the undersigned recommends that Plaintiff be allowed to dismiss her claims against these two Defendants, pursuant to Fed. R. Civ. P. 41(a)(2).

While Fed. R. Civ. P. 15(a) generally provides for the liberal amendment of complaints, a Court may deny leave to amend if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). As discussed above, Plaintiff cannot possibly amend her Complaint in order to change the fact that MBMHI is a state mental health facility. Therefore, Plaintiff's proposed amendment concerning MBMHI would be futile, and the undersigned recommends that it be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days

after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

3

Case 2:08-cv-00031   Document 90   Filed 03/24/09   Page 3 of 3 PageID #: 413