IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMAR OSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:08-00031 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| ANN JARED, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a Second Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), on behalf of Defendant Dr. Patrick Craven. Docket No. 108. Defendant has filed a supporting Memorandum of Law. Docket No. 109. Plaintiff has filed a Response in Opposition to the Motion, which is headed "Filing Response To 04/03/2009 and 04/06/2009 Cooper." Docket No. 115.

Motions brought under Fed. R. Civ. P. 12(b)(1) that challenge the Court's subject matter jurisdiction may be brought on one of two bases. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). First, a Defendant may facially attack the Complaint by testing the sufficiency of the proceeding. In considering a facial attack, the Court must treat the Complaint's factual allegations as true. *See RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). Second, a Defendant may mount a factual challenge to a pleading. *See United States v. Ritchie,* 15 F.3d 592, 298 (6th Cir. 1994). *See also Ohio Nat'l Life,* 922 F.2d at 325. In a factual challenge, a Defendant may argue the existence or

1

nonexistence of certain facts which deprive a Court of subject matter jurisdiction. *Id*. In such circumstances, a Court may resolve factual issues necessary to determine whether it has jurisdiction. *See Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986); *Ohio Nat'l Life,* 922 F.2d at 325.

In her Amended Complaint, Plaintiff's allegations against Dr. Craven, in their entirety, are as follows:

> Patrick Craven, MD, an employee of Moccasin Bend Mental Health Institute (MBMHI), was actively involved in the MBMHI anti-Semitic conspiracy where I was illegally kidnapped, held against my will at MGMHI [*sic*], and worst of all, given deathly drugging to destroy my health.
>
> These are some of the false, illegal statements that Patrick Craven, MD, made: Presently diagnosed with schizophrenia, paranoid type. Patient has been afraid family was going to harm her, many paranoid ideas, non-compliant with po meds. Unable to care for self, needs stabilization with meds, lacks insight and judgment, psychotic behavior.

Docket No. 45.

Thus, it appears that Plaintiff's claims against Dr. Craven result from his treatment of her at MBMHI. The Court accepts as true the facts that Dr. Craven, as a staff psychiatrist at MBMHI, is an employee of the State of Tennessee, and that MBMHI is a State institution.

Even though Plaintiff's Complaint does not contain a jurisdictional statement, it is obvious that her claims are brought pursuant to 42 U.S.C. § 1983. That statute does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil rights. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that a state is not a person under §1983). A suit against a state official in his official capacity is a suit against the state itself. *Id.* Plaintiff does not specify whether she sues Dr. Craven in his individual or

2

official capacities. Where a plaintiff seeking monetary damages under § 1983 has failed to plead the capacity in which she is suing state officials, the Court will construe the suit to be one against them in their official capacities. *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989). Thus, Plaintiff's claims against Dr. Craven are "official capacity" claims that cannot be brought under § 1983.

For the foregoing reasons, the undersigned recommends that the instant Second Motion to Dismiss (Docket No. 108) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

3