IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMAR OSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:08-00031 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| ANN JARED, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Third Motion to Dismiss Complaint and/or First Motion for Summary Judgment," filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) or Fed. R. Civ. P. 56, on behalf of Defendant Ms. Kendall Bryan. Docket No. 111. Defendant has filed a supporting Memorandum of Law and Statement of Undisputed Material Facts. Docket Nos. 112 and 113. Plaintiff has filed a Response in Opposition to the Motion, which is headed "Filing Response To 04/03/2009 and 04/06/2009 Cooper." Docket No. 115.

Because the Court will consider matters outside the pleadings, the Court will focus on the "Summary Judgment" aspect of the Motion.

With regard to Defendant Bryan, Plaintiff, in her Complaint, alleges as follows:

> Ms. Kendall Bryan, Putnam County:
> Falsely stating that I had a mental problem
> Vicious libel
> Willful, malicious, criminal acts of kidnapping, false imprisonment
> Anti-Semitic
> Malicious harassment
> Either Ms. Kendall Bryan or Ms. Rector (or both) were paid.
> While I sat in the police car, handcuffed and barefoot, I saw the
> skinny one carefully carrying her check to her car.

Docket No. 1.

Plaintiff subsequently alleged as follows:

> Plateau MHC was the employer of Ms. Kendall Bryan, Tennessee-licensed mental health counselor, who accepted money to write a slanderous, false report to involuntarily commit me to a mental institution, knowingly, falsely claiming I was mentally ill. Plateau MHC employee Kendall Bryan was actively involved in the malicious, willful, illegal, anti-Semitic kidnapping and deathly drugging against me.

Docket No. 76.

With the instant Motion, Defendant submitted a Statement of Undisputed Material Facts, consisting of the following undisputed fact: "Kendall Bryan is a Qualified Mental Health Professional (QMHP) who has been designated by the DMHDD [Department of Mental Health and Developmental Disabilities] Commissioner as a mandatory pre-screening agent." Docket No. 113. Plaintiff did not respond to this Statement of Fact and, pursuant to Local Rule 56.01(g), this fact is admitted for purposes of the instant Motion.

DMHDD is required by state statute to maintain a community-based screening process. T.C.A. § 33-6-104(a). As part of this system, the Commissioner of DMHDD is required to designate individuals to serve as mandatory pre-screening agents. T.C.A. §§ 33-6-104(b), 33-6-427(b). The role of a mandatory pre-screening agent is to provide one of the two certificates of need for emergency admission and treatment at a state mental health facility. T.C.A. § 3-6-105. State law provides that, "When performing the duties authorized by this section an individual agent shall be considered to be a state employee pursuant to [T.C.A.] § 8-42-101(3)(D)." T.C.A. § 33-6-104(d). T.C.A. § 8-42-101(3)(D) provides in relevant part, "For purposes of legal actions resulting from acts or omissions by these properly qualified and designated persons while

2

2

performing duties referenced in this subdivision (3) [including mandatory pre-screening agents], the state shall be considered the employer of these persons."

Plaintiff alleged in her Complaint that Defendant Kendall Bryan "accepted money to write a slanderous, false report to involuntarily commit me to a mental institution, knowingly, falsely claiming I was mentally ill."[1] Docket No. 76. Thus, Plaintiff's claims against Defendant Bryan relate to her acts or omission as a mandatory pre-screening agent, and Defendant Bryan is a state employee for the purpose of this legal action.

Even though Plaintiff's Complaint does not contain a jurisdictional statement, it is obvious that her claims are brought pursuant to 42 U.S.C. § 1983. That statute does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil rights. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that a state is not a person under §1983). A suit against a state official in his official capacity is a suit against the state itself. *Id.* Plaintiff does not specify whether she sues Ms. Bryan in her individual or official capacities. Where a plaintiff seeking monetary damages under § 1983 has failed to plead the capacity in which she is suing state officials, the Court will construe the suit to be one against them in their official capacities. *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989). Thus, Plaintiff's claims against Ms. Bryan are "official capacity" claims that cannot be brought under § 1983.

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to

---

[1] Defendant Putnam County Sheriff's Department previously submitted, with its "Motion to Dismiss and/or Motion for Summary Judgment," a copy of a "Certificate of Need for Emergency Involuntary Admission" signed by Defendant Kendall Bryan, relating to an examination she made of Plaintiff on March 30, 2007. Docket No. 96-1.

3

any material fact and that Defendant is entitled to a judgment as a matter of law. The undersigned recommends that the instant Motion for Summary Judgment (Docket No. 111) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

4