IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TAMAR OSHER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:08-00031 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| ANN JARED, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), on behalf of Defendant Plateau Mental Health Center ("Plateau"). Docket No. 125. Defendant has filed a supporting Memorandum of Law, arguing that Plaintiff's claims against it: (1) were untimely filed; (2) fail to allege that Plateau is a state actor; and (3) fail to allege that Defendant has an unconstitutional custom, practice, or policy that caused her injury, and there is no vicarious liability under 42 U.S.C. § 1983. Docket No. 126. Plaintiff has filed a Response in Opposition to the Motion, which is headed "Filing Response To 06/02/2009 Plateau Billips." Docket No. 127.

In her Complaint, filed April 9, 2008, Plaintiff alleges that, on March 30, 2007, Putnam County police took her to a state psychiatric hospital in Chattanooga where she was held against her will for fifteen days. Docket No. 1. Defendant Plateau was not a named Defendant in Plaintiff's initial Complaint. Rather, Plaintiff's allegations were against Ms. Kendall Bryan as an employee of Defendant Plateau.

With regard to Defendant Bryan, Plaintiff, in her Complaint, alleges as follows:

    Ms. Kendall Bryan, Putnam County:

> Falsely stating that I had a mental problem
> Vicious libel
> Willful, malicious, criminal acts of kidnapping, false imprisonment
> Anti-Semitic
> Malicious harassment
> Either Ms. Kendall Bryan or Ms. Rector (or both) were paid.
> While I sat in the police car, handcuffed and barefoot, I saw the skinny one carefully carrying her check to her car.

Docket No. 1.

On December 23, 2008, Plaintiff filed a Motion to Add Defendant Plateau Mental Health Center, in which she stated, "My complaint[s] against Plateau Mental Health Center are the same as my complaints against Kendall Bryan." Docket No. 41. Plaintiff's Motion was granted, and Defendant Plateau was added on January 20, 2009. With regard to Defendant Plateau, Plaintiff alleges as follows:

> Plateau MHC was the employer of Ms. Kendall Bryan, Tennessee-licensed mental health counselor, who accepted money to write a slanderous, false report to involuntarily commit me to a mental institution, knowingly, falsely claiming I was mentally ill. Plateau MHC employee Kendall Bryan was actively involved in the malicious, willful, illegal, anti-Semitic kidnapping and deathly drugging against me.

Docket No. 76.

Plaintiff's only allegation against Defendant is that it employed Ms. Bryan. Although Ms. Bryan was Defendant's employee, that fact alone does not state a claim against Defendant, because there is no vicarious liability under § 1983 and no liability predicated upon a theory of *respondeat superior. Id.*; *Polk County v. Dodson*, 454 U.S. 312 (1981).

Defendant is also correct that, in order to state a claim under § 1983 against it, Plaintiff must allege that she was injured by operation of an unlawful or unconstitutional custom, practice, or policy. *Monell v. Dept. of Soc. Svcs.,* 436 U.S. 658 (1978). She has made no such

2

allegations in the case at bar, nor has she alleged that Plateau acted under color of state law.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 125) be GRANTED.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge

---

[1] Plateau is the only remaining Defendant in this case.